UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

AL'MAURII KHAN TRIBAL NATION,

    Petitioner,

v.                                          CASE NO. 6:17-cv-1166-Orl-37GJK

ANDREW MAI, et al.,

    Respondents.
_____/

## ORDER

This cause comes before the Court on a typed document entitled "Tribal Notice and Demand for Habeas Corpus Relief" (Doc. 1).[1] The allegations are difficult to decipher. The Al'Maurii Khan Tribal Nation alleges that they are comprised of sovereign citizens with inalienable tribal rights. *Id.* at 2-3. Essentially, the Al'Maurii Khan Tribal Nation asserts that David Rivera is being illegally held by the State of Florida and the United States of America. *Id.* at 3-4.

Rule 4 of the *Rules Governing Section 22554 Cases in the United States District Courts* provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . , the judge must dismiss the petition and direct the clerk to notify the petitioner." The Al'Maurii Khan Tribal Nation has failed to demonstrate that relief is warranted on the face of the petition.

---

[1] The petition appears to be filed on behalf of David Rivera, a prisoner of the State of Florida, by the Al'Maurii Khan Tribal Nation. *Id.* at 1-4.

The Al'Maurii Khan Tribal Nation have not shown they are comprised of sovereign citizens. Prisoners of the State of Florida or the United States of America cannot unilaterally bestow sovereign immunity upon themselves. *See, e.g., United States v. Lumumba*, 741 F.2d 12, 14 (2d Cir. 1984). Nevertheless, even assuming David Rivera or other members of the Al'Maurii Khan Tribal Nation are not citizens of the United States, they are subject to the laws of the United States and the State of Florida. *See Linge v. State of Georgia, Inc.*, 569 F. App'x 895 (11th Cir. 2014) (affirming a district court's dismissal of plaintiff's claim that he is a sovereign citizen and therefore, not subject to the laws of the State of Georgia); *United States v. James*, 328 F.3d 953 (7th Cir. 2003) (stating "[e]ven if James were not a citizen of the United States . . . he would be obliged to respect the laws of this nation."). The Court concludes that the Al'Maurii Khan Tribal Nation has failed to demonstrate that any person is being illegally held or that they are entitled to be released from incarceration. Therefore, this case is subject to dismissal.

Accordingly, it is now **ORDERED AND ADJUDGED:**

1. This case is hereby **DISMISSED** without prejudice.

2. The Clerk of the Court is directed to terminate any pending motions, enter judgment, and close the case.

**DONE AND ORDERED** in Orlando, Florida this <u>16th</u> day of August, 2017.



ROY B. DALTON JR.
United States District Judge

Copies to:
OrlP-3 8/16
The Al'Maurii Khan Tribal Nation